[No. B043553. Second Dist., Div. Five. Dec. 13, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT EARL HOWELL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III B, III C, and III D.

256

COUNSEL

Conrad Petermann, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Marc E. Turchin and Pamela C. Hamanaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

TURNER, J.—

## I. INTRODUCTION

Robert Earl Howell (defendant) appeals the judgment of conviction for possession of cocaine base for purposes of sale (Health & Saf. Code, § 11351.5), possession of a firearm by a previously convicted felon (Pen. Code, § 12021, subd. (a)), and a misdemeanor conviction for brandishing a firearm. (Pen. Code, § 417, subd. (a)(2).) We reduce defendant's conviction under count one, the possession for sale of cocaine base charge, to the lesser offense of possession of cocaine for purposes of sale and remand this case for resentencing. (Health & Saf. Code, § 11351, subd. (a).) In all other respects, the judgment will be affirmed.

## II. FACTS

During June 1988, defendant visited Marie Rice and demanded that she pay him $500. When she refused, he threatened to hurt her children and to "blow up" her apartment. On September 15, 1988, defendant again visited Ms. Rice at her apartment and demanded money. After Rice refused to pay the money, defendant repeatedly threatened her life. Defendant told Ms.

Rice that several Crip gangs would return to her apartment, apparently to harm her. Defendant then went to his car, pulled a gun out from under the seat, pointed it at Ms. Rice, again threatened to kill her, and drove away. Ms. Rice reported this incident to the "police" department. She told a police officer that she believed that defendant was seeking money owed to him by Ms. Rice's ex-boyfriend from a drug deal gone sour. At trial, Ms. Rice testified that she had heard defendant say that he made money by selling cocaine.

Deputy Sheriff Mark Lillenfeld obtained a search warrant for defendant's residence and car. When the warrant was executed, the deputies were met at the door by defendant who stated that he lived there. During the search of defendant's bedroom, Deputy Lillenfeld found a large cookie sheet, spoons, a fiberglass container, plastic bags, and a triple beam balance scale. All of these items, which are known drug trafficking paraphernalia, had a white powder film on them. Deputy Lillenfeld also found a metal safe that contained a clear plastic bag filled with a white powder. Deputy Lillenfeld testified that the contraband was possessed for purposes of sale. A sheriff's department criminalist testified that the bag contained 20.06 grams of cocaine hydrochloride.

### III. DISCUSSION

*A. Defendant's conviction for possession of cocaine base for purposes of sale in violation of Health and Safety Code section 11351.5 must be modified to a conviction of possession of cocaine for purposes of sale. (Health & Saf. Code, § 11351.)*

#### 1. *Procedural History of the Drug Charge*

In the felony complaint in municipal court, defendant was charged in count one with a violation of Health and Safety Code section 11351, possession of cocaine for purposes of sale. On October 6, 1988, after his preliminary examination, defendant was held to answer in part to a charge of possession of cocaine for purposes of sale. However, when the information was filed in superior court on October 21, 1988, defendant was charged in count one with possession of cocaine base for purpose of sale, a violation of Health and Safety Code section 11351.5. On January 23, 1989, defendant's deputy public defender filed a motion to dismiss count two of the information, a weapons charge. The motion did not seek dismissal of count one, the possession of cocaine base for purposes of sale charge. On January 30, 1989, defendant's request to proceed in propria persona was granted. On February 14, 1989, an amended information was filed and count one once again charged defendant with possession of cocaine base for purposes of sale. At no time prior to trial did defendant object to the sufficiency of the evidence

at the preliminary hearing to charge him with possession of cocaine base for purposes of sale. During the trial, Warren Best, a sheriff's department chemist, testified that the cocaine found in defendant's possession was cocaine hydrochloride, which as will be noted, is not cocaine base. At the conclusion of the prosecution's case in chief, defendant did not move for judgment pursuant to Penal Code section 1118.1 on the theory that the contraband was not cocaine base or there was insufficient evidence that he was guilty of a violation of Health and Safety Code section 11351.5 or any other drug charge. During an in camera hearing in the midst of trial, defendant was advised by the court that he was charged with possession of cocaine for purposes of sale. None of the evidence introduced by defendant related to the nature of the drug he possessed for purposes of sale. An attorney was appointed to represent defendant while he testified, at defendant's request.

On April 28, 1989, the prosecutor and defendant argued to the jury. The deputy district attorney argued that defendant should be convicted of possession of cocaine for purposes of sale. The prosecutor never mentioned cocaine base in his opening or closing arguments. In his 105-minute argument, defendant did not contend that the contraband was not cocaine base. On May 1, 1989, the jury was instructed. On two occasions during the instructions, the court stated that defendant was charged in count one with possession of cocaine for purposes of sale. The court instructed pursuant to CALJIC No. 12.01 which was modified to reflect that defendant was charged in count 1 with violating Health and Safety Code section 11351.[1]

---

[1] The court instructed the jury as follows:

"[Defendant is accused in Count one of] the information of having committed the crime of illegal possession for sale of a controlled substance, a violation of Section 11351 of the Health and Safety Code. Every person who [possesses] for sale a controlled substance, namely, cocaine, is guilty of the crime of illegal possession for sale of a controlled substance in violation of Health and Safety Code Section 11351.

"In order to prove such a crime each of the following elements must be proved:

"1.   A person [exercised control or had the right to exercise control over], a certain controlled substance,

"2.   Such person had knowledge of its presence,

"3.   Such person had knowledge of its nature as a controlled substance,

"4.   The substance was in an amount sufficient to be used for sale or consumption of a controlled substance, and

"5.   Such person [possessed] the controlled substance with the specific intent to sell the same.

"There are two kinds of possession: actual possession and constructive possession.

"Actual possession requires that a person knowingly have direct physical control over a thing.

"Constructive possession does not require actual knowledge but does require that a person knowingly have the right of control over a thing, either directly or through another person or persons.

"[One person may have possession alone, or two or more persons together may share actual or constructive possession.]"

No reference to cocaine base was made in the instructions. Defendant interposed no objection to the instructions concerning a violation of Health and Safety Code section 11351. Defendant's request that the court not instruct as to the "lesser included offense" of possession of cocaine was granted by the court. The verdict signed by the jury foreman stated that the jury found defendant guilty of the crime of "Possession For Sale Of Cocaine Base, in violation of Health And Safety Code Section 11351.5, a felony, as charged in Count I of the Information."

After the verdicts were returned, defendant filed a written new trial motion which failed to mention the fact that there was no evidence he possessed cocaine base. At the time of sentencing, defendant received the upper term of five years as the principal term as to count one. Five years is the upper term for possession of cocaine base for purposes of sale. Defendant's notice of appeal raised certain grounds—none of them relating to the fact that no evidence was presented that the contraband was cocaine base.

## 2. *Defendant's Contention*

For the first time on appeal, defendant contends that his conviction under count one should be reversed with directions to the trial court to dismiss. Defendant argues that there was no evidence that cocaine base was found in the search of his residence. The sheriff's chemist testified that the contraband removed by Deputy Lillenfeld was cocaine hydrochloride which is not cocaine base. Furthermore, defendant argues that his conviction may not be reduced to a lesser and necessarily included offense as is normally permitted (Pen. Code, §§ 1260, 1181, subd. 6;[2] *People* v. *Enriquez* (1967) 65 Cal.2d 746, 749-750 [56 Cal.Rptr. 334, 423 P.2d 262]) because possession of cocaine for purposes of sale (Health & Saf. Code, § 11351) is not a lesser and necessarily included offense of possession of cocaine base for purposes of sale. (Health & Saf. Code, § 11351.5.) Defendant bases this contention in part on the decision of *People* v. *Adams* (1990) 220 Cal.App.3d 680, 688-690 [269 Cal.Rptr. 479], a decision of the Court of Appeal for the Fifth Appel-

---

[2] Penal Code section 1260 provides: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial, and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances."

Penal Code section 1181, subdivision 6 states: "When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed."

late District. In *Adams*, the court held that cocaine hydrochloride was not cocaine base; possession of cocaine for purposes of sale was not a lesser and necessarily included offense of the charge of possession of cocaine base for purposes of sale; because the evidence only showed defendant possessed cocaine base, there could be no reduction of the offense of possession of cocaine base for purposes of sale to the crime of possession of cocaine for purposes of sale or even simple cocaine possession (Health & Saf. Code, § 11350); and that on remand, the case must be dismissed. (*People* v. *Adams, supra,* 220 Cal.App.3d at p. 691.) We agree with our colleagues in *Adams* that cocaine base is not cocaine hydrochloride. However, because defendant's due process claim is not properly before this court, we modify the judgment to the lesser related offense of possession of cocaine for purposes of sale in violation of Health and Safety Code section 11351.

### 3. *Cocaine Hydrochloride Is Not the Same as Cocaine Base*

Health and Safety Code section 11351.5 provides, "Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale cocaine base which is specified in paragraph (1) of subdivision (f), of Section 11054, shall be punished by imprisonment in the state prison for a period of three, four, or five years." Health and Safety Code section 11054, subdivision (f)(1) lists as a controlled substance, "Cocaine base." The chemist testified that defendant possessed "cocaine hydrochloride." There are two types of cocaine base and cocaine hydrochloride is an intermediary between the two forms of cocaine base. Cocaine is produced in the following manner. Coca leaves are chemically processed and coca paste is produced. In order to produce 1 kilo of paste, 100 to 150 kilos of leaves are used in the chemical process. This paste is converted into what is called cocaine base. (Wisotsky, *Exposing the War on Cocaine: the Futility and Destructiveness of Prohibition* (1983) Vol. Wis. L.Rev. 1305, 1327.) This cocaine base is not the same substance referred to in Health and Safety Code section 11351.5. As will be noted, Health and Safety Code section 11351.5 was enacted to provide an enhanced range of punishments for rock cocaine or crack. In any event, the initial form of cocaine base is almost always produced in the source country—not the United States. The original form of cocaine base is then usually chemically changed into cocaine hydrochloride. Cocaine hydrochloride is a hydrochloride salt of cocaine and a water soluble form of cocaine which is normally ingested nasally. (*Wisotsky, supra,* p. 1327; The Sloan-Dorland Annot. Medical-Legal Dict. (1987) p. 153.) In order to make rock or crack cocaine, cocaine hydrochloride is generally treated with ammonia or baking soda and water. Cocaine base or crack is simply cocaine hydrochloride after the hydrochloride is removed from the cocaine during the heating process. (Micromedix, Inc., Drugdex (R) Drug Evaluations (ed. 63) Cocaine.) One court noted: "Cocaine hydro-

chloride is water soluble, formed in crystals or flakes, and generally snorted by users. Cocaine base is not water soluble, concentrated in a hard rock-like form, and generally smoked." (*U. S.* v. *Barnes* (1st Cir. 1989) 890 F.2d 545, 552; Lee, Cocaine Handbook (1981) pp. 36, 110.)

Despite the difference between cocaine base, crack, or rock on one hand and cocaine hydrochloride on the other hand, both substances are still cocaine. Both base and hydrochloride are different "isomers" of cocaine. Many chemicals including cocaine have different isomers, which means that they possess "two or more distinct compounds of the same molecular formula, each molecule possessing an identical number of atoms of each element but in different arrangement." (Dorland's Illustrated Medical Dict. (25th ed. 1974) p. 802.) Stated differently, isomers are "related compounds that have the same molecular formula but different three dimensional structures." (The Sloane-Dorland Annot. Medical-Legal Dict., *op. cit. supra*, p. 391.) Cocaine has as many as eight different isomers or molecular structures (*United States* v. *Fince* (4th Cir. 1982) 670 F.2d 1356, 1358) and cocaine base is merely an isomer of cocaine. (*U. S.* v. *Pierce* (5th Cir. 1990) 893 F.2d 669, 676.) ■ Suffice to note, cocaine base is not cocaine hydrochloride although both substances are cocaine. In the present case, the sheriff's department chemist testified that the contraband was cocaine hydrochloride. There was no testimony that defendant possessed cocaine base. Because there was no substantial evidence defendant possessed cocaine base, he may not be convicted and sentenced pursuant to Health and Safety Code section 11351.5.[3]

### 4. *Defendant's Due Process Argument Is Not Properly Before This Court*

■ Citing *People* v. *Adams, supra,* 220 Cal.App.3d at pages 688-690, defendant contends that his conviction may not be reduced to the less serious offense of possession of cocaine for purposes of sale within the meaning of Health and Safety Code section 11351. At no time in the trial court, did appellant ever object to the evidence and argument which indicated that he possessed cocaine hydrochloride rather than cocaine base for purposes of sale. Accordingly, defendant's due process claim is not properly before this court. As noted previously, in the municipal court, defendant was charged with possession of cocaine within the meaning of Health and

---

[3] Additionally, the jury was never instructed on the subject of cocaine base. As noted previously, the only instructions related to Health and Safety Code section 11351. Defendant argues that the jury was not properly instructed as to the requirement that the controlled substance be cocaine base. Because we reduce defendant's conviction to the lesser related offense of possession of cocaine for purposes of sale, we need not address defendant's contention concerning instructional error.

Safety Code section 11351. Although the information refers to Health and Safety Code section 11351.5, the presentation of testimony, instructions, and argument to the jury in superior court all involved the lesser offense of Health and Safety Code section 11351. At no time did the deputy district attorney argue or suggest in any fashion that defendant could be convicted of possession of cocaine base for purposes of sale. Under these circumstances, by reason of the decision of *People* v. *Toro* (1989) 47 Cal.3d 966, 975 [254 Cal.Rptr. 811, 766 P.2d 577], defendant has waived his right to contend that because the lesser related offense of possession of cocaine for purposes of sale may not be a lesser and necessarily included offense, he will be denied due process of law if we reduce the conviction to the less serious offense.

In *People* v. *Toro, supra,* 47 Cal.3d at page 975, our California Supreme Court held: "In summary, the due process notice requirement precludes conviction for a lesser related offense when a defendant has not consented to its consideration by the trier of fact, but fundamental fairness also requires that the trier of fact be permitted to consider the lesser related offense when the defendant requests it. Thus the law recognizes that instructions on lesser related offenses may be highly beneficial or prejudicial to the defendant, depending on the defendant's trial preparation, the nature of the defense presented, and other matters of trial strategy. Because the defendant, assisted by counsel, is the only person who can assess the impact of lesser related offense instructions in a given case, the decision to permit or preclude consideration of the lesser related offense is a right accorded to the defendant." At another point, the court concluded: "As we have explained, however, instructions on lesser related offenses are not erroneous in any of the usual senses of being legally incorrect, misleading, or unrelated to the facts of the case. Lesser related offense instructions generally are beneficial to defendants and in a given case only the defendant knows whether his [or her] substantial rights will be prejudicially affected by submitting a lesser related offense to the jury. While failure to object does not bar review of the instruction, it does bar a contention based on lack of notice." (*Id.* at p. 977.) Clearly, if a defendant does not object to the presentation of evidence, argument, and instructions on a lesser related offense, he or she has waived "any objection based on lack of notice. [Fn. omitted.]" (*Id.* at p. 978.) In the present case, defendant's failure to ever object to the presentation of evidence of other than cocaine base, argument that he possessed cocaine hydrochloride for purposes of sale, and the reading of instructions which made no reference to cocaine base but rather explicitly referred to Health and Safety Code section 11351 constituted a waiver of his right to contend that he is entitled to a dismissal on appeal because he did not have adequate notice that he was subject to conviction of the crime of possession of cocaine for purposes of sale. Therefore, pursuant to Penal

Code section 1181, subdivision 6, defendant's conviction may be reduced by this court to the lesser charge of possession of cocaine for purposes of sale within the meaning of Health and Safety Code section 11351 without violating any of defendant's due process rights.

B.-D.*

. . . . . . . . . . . . . . . . . . . . .

## IV.   DISPOSITION

The judgment is modified to reflect that as to count one, defendant is convicted of possession of cocaine for purposes of sale within the meaning of Health and Safety Code section 11351 and, in all other respects, the judgment is affirmed. The case is remanded to allow the court to exercise its sentencing discretion as to count one.

Ashby, Acting P. J., and Boren, J., concurred.

---

*See footnote, *ante*, p. 254.