[No. F013735. Fifth Dist. Nov. 27, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DEMEITRUS FRANK BAILEY, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication as to the introductory statement, the part entitled Facts, part I, and the dissenting opinion.

## COUNSEL

Raymond L. Girard, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ARDAIZ, J.**—Appellant Demeitrus Frank Bailey was charged by information and convicted by jury of possession of "rock cocaine" for sale (Health & Saf. Code,[1] § 11351.5). Appellant admitted two Penal Code section 667.5, subdivision (b) prior prison term allegations and was sentenced to six years in prison.

Relying on our recent decision in *People* v. *Adams* (1990) 220 Cal.App.3d 680 [269 Cal.Rptr. 479], appellant contends there is no substantial evidence the cocaine he possessed was base cocaine as required by section 11351.5. We affirm.

### FACTS

On November 9, 1989, about 1 a.m., Bakersfield Police Officers Mills and Eakin observed three men, including appellant, apparently dealing narcotics in front of Nagi's Liquor Store. The officers called for a backup unit and ordered the 3 men and 30 or 40 other individuals milling about in front of Nagi's to sit down. Appellant and his two cohorts began walking away. As the police pursued them, appellant and another man discarded two baggies containing an off-white, chunky substance described by Officer Mills as "rock cocaine." Criminalist Brenda Smith tested the substance in the baggies and found the first consisted of "chunky material weighing 7.65 grams contain[ing] cocaine" and the second, "chunky material weighing 4.79 grams

---

[1]All statutory references are to the Health and Safety Code unless otherwise indicated.

contain[ing] cocaine." Smith was not asked and did not indicate whether the cocaine in evidence was rock cocaine or cocaine base.

DISCUSSION

I

*Is There Substantial Evidence Appellant Possessed Cocaine Base?*

In evaluating the sufficiency of the evidence on appeal, we must view the whole record in the light most favorable to the judgment below and presume in support of the judgment every fact which the trier of fact could reasonably deduce from the evidence. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) Before the judgment may be set aside for insufficiency of evidence, it must clearly be shown that upon no hypothesis whatever is there substantial evidence. (*People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) Substantial evidence is evidence that is reasonable, credible, of solid value and reasonably inspires confidence in the judgment. (*People* v. *Green* (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468].)

In the present case, Officer Mills was called as a witness by the prosecution. He testified he had taken narcotics classes, talked to other officers about rock cocaine, and had arrested at least 150 persons for possession of rock cocaine.

Mills testified he observed appellant engaging in what appeared to be a rock cocaine transaction similar to those he had made arrests for in the past. Officer Mills further testified that after appellant discarded something, Officer Eakin retrieved two packages of "rock cocaine." Mills testified that "[r]ock cocaine is—it's cocaine base." When shown the two packages that criminalist Smith had identified as "chunky material contain[ing] [cocaine]," Mills identified them as "[t]he two bags of narcotics that were seized by Officer Eakin. . . ."

Relying on *People* v. *Adams, supra,* 220 Cal.App.3d 680, appellant argues the evidence is insufficient to support his conviction. In *Adams* we found insubstantial evidence to support the conviction of possession of cocaine base for sale because there was no evidence that the cocaine possessed by the defendant was cocaine base. We stated:

"It is true that Officer Clerico in his testimony used the terms 'cocaine base,' 'rock cocaine,' and 'crack' interchangeably and he also referred to the

substance in the two baggies possessed by defendant as 'what I believed to be rock cocaine.' However, the officer was not qualified as an expert in the identification of cocaine or cocaine base, but rather as an expert in the possession of rock cocaine for sale. Moreover, Officer Clerico never testified regarding making any chemical tests or chemical analysis of the substance found in defendant's possession. [Citations.]" (*People* v. *Adams, supra,* 220 Cal.App.3d at p. 687.)

In *Adams,* Officer Clerico never testified definitively and no evidence was introduced that expressly showed rock cocaine was cocaine base. Unlike *Adams,* here Officer Mills testified without objection that "rock cocaine" is "base cocaine." Accordingly, Officer Mills's testimony establishes that the substance in question was cocaine base.

Appellant nonetheless argues Officer Mills's testimony may not be considered in evaluating the sufficiency of the evidence on appeal because no basis was provided for Mills's conclusion that "rock cocaine" was cocaine base. Adoption of appellant's argument would require us to construe *Adams* as holding that when inadmissible evidence is introduced without objection at trial it may not be considered in evaluating the sufficiency of evidence on appeal. We reject such a construction as contrary to well-settled rules of appellate review. ■ As stated in *Berry* v. *Chrome Crankshaft Co.* (1958) 159 Cal.App.2d 549, 552 [324 P.2d 70]:

"It is settled law that incompetent testimony, such as hearsay or conclusion, if received without objection takes on the attributes of competent proof when considered upon the question of sufficiency of the evidence to support a finding. [Citations.] 'Evidence technically incompetent admitted without objection must be given as much weight in the reviewing court in reviewing the sufficiency of the evidence as if it were competent. [Citations.]' "

Neither may Officer Mills's testimony be rejected as inherently improbable. ■ As our Supreme Court has explained, "[t]o warrant the rejection of the statements given by a witness who has been believed by the [trier of fact], there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions." (*People* v. *Barnes* (1986) 42 Cal.3d 284, 306 [228 Cal.Rptr. 228, 721 P.2d 110].)

■ Absent a resort to inferences and deductions not a part of this record, we cannot conclude it was physically impossible for the baggie to contain cocaine base. The record does not reflect the manner in which Officer Mills determined the substance in question was cocaine base. In

order to reject his testimony we would have to infer there is no legitimate basis for his opinion. Because such an inference is impermissible, Officer Mills' testimony may not be rejected as inherently improbable.

*People* v. *Hunt* (1971) 4 Cal.3d 231 [93 Cal.Rptr. 197, 481 P.2d 205], on which the dissent relies, clearly is distinguishable: there the record reflected affirmatively that there was no legitimate basis for the expert's opinion. In *Hunt*, the defendant was charged with possession of dangerous drugs for sale. The vials which the defendant possessed had pharmacy labels and a "prescription number, defendant's name, and the physician's name . . . ." (*Id.* at p. 234.) Under these circumstances, the court concluded:

"In the absence of evidence of some circumstances not to be expected in connection with a patient lawfully using the drugs as medicine, an officer's opinion that possession of lawfully prescribed drugs is for purposes of sale is worthy of little or no weight and should not constitute substantial evidence sufficient to sustain the conviction. No such special circumstances were shown here as to the methedrine in the blue and white travel case." (*Id.* at p. 238.)

In *People* v. *Newman* (1971) 5 Cal.3d 48 [95 Cal.Rptr. 12, 484 P.2d 1356], the court rejected a defendant's challenge to the sufficiency of the evidence that he possessed dangerous drugs for sale. As in *Hunt*, an officer testified that "the bindles 'were in possession for sale,' because of the quantity found in a single container." (*Id.* at p. 52.) The court rejected the defendant's challenge to the sufficiency of the evidence and distinguished *Hunt* on the grounds that "[i]n the instant case, there was no evidence that the drugs were in fact lawfully purchased by prescription." (*Id.* at p. 53.)[2]

Unlike *Hunt*, nothing in the present record suggests Officer Mills's testimony was not worthy of belief. The dissent's position does not rely on the proposition that the testimony that the substance was base cocaine is untrue. Rather, the dissent's position is that there is nothing in the record that demonstrates the basis for Mills's testimony. The answer is that the concerns expressed by the dissent would have been addressed by an objection. No member of this court is capable on this evidence of concluding that a substance testing positive for cocaine cannot be then identified by its form or other physical properties to be base cocaine or that Mills did not have any basis for his testimony supporting the conclusion that it was base cocaine. This is precisely the speculation the dissent indulges in.

The reality of this case is the issue raised on appeal concerning whether this was base cocaine was not even the focus of dispute in the trial court and

[2]*Newman* was disapproved on other grounds in *People* v. *Daniels* (1975) 14 Cal.3d 857, 862 [122 Cal.Rptr. 872, 537 P.2d 1232].

that is most likely the reason there was no objection or other challenge to the evidence. The trial concerned itself with whether appellant was the perpetrator of the offense in question.

A trier of fact reasonably could rely on the testimony of a trained narcotics officer received without objection that the substance possessed was rock cocaine and that rock cocaine was base cocaine. Coupled with the criminalist's testimony that the substance tested positive for cocaine, we conclude the evidence is substantial and supports the verdict. Although the evidence might have been inadmissible on a proper showing of insufficient foundation or hearsay, etc., no such challenge was made. Appellant would have us make his objection for him, sustain it and then refuse to consider the evidence in reviewing the sufficiency of evidence. To do so would violate the rule of Evidence Code section 353, that a verdict or finding may not be set aside by reason of the erroneous admission of evidence unless there is an objection at trial. "[A] contrary rule would deprive the party offering the evidence of any opportunity to cure the defect at trial and would permit the nonobjecting party to gamble that the error will provide grounds for reversal of the matter. [Citation.]" (*People* v. *Coleman* (1988) 46 Cal.3d 749, 777 [251 Cal.Rptr. 83, 759 P.2d 1260].)

In summary, we reject appellant's argument that under *Adams*, the evidence is insufficient to support the verdict. *Adams* did not expressly address the issue presented in the case currently before this court. Moreover, *Adams* does not stand for the proposition that otherwise inadmissible evidence introduced without objection may not be considered in evaluating the sufficiency of the evidence on appeal. Officer Mills's testimony, introduced without objection, that appellant possessed rock cocaine and that rock cocaine is cocaine base—combined with the criminalist's testimony that the substance in question tested positive for cocaine—is sufficient to support the judgment.

## II

*Whether the Trial Court's Failure to Give CALJIC No. 2.71 (Admissions) Sua Sponte was Error.\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Thaxter, J., concurred.

*See footnote, *ante*, page 459.

**BEST, P. J.**—I respectfully dissent from part I of the majority's opinion holding that substantial evidence was presented by the prosecution sufficient to support the jury's finding that defendant possessed "cocaine base" for sale.

"When the sufficiency of the evidence is challenged on appeal, the court must review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence—i.e., evidence that is credible and of solid value—from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. [Citations.]" (*People v. Green* (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468].)

In *People v. Adams* (1990) 220 Cal.App.3d 680 [269 Cal.Rptr. 479], Adams was convicted of possession of rock cocaine for sale in violation of Health and Safety Code[1] section 11351.5. (*Adams, supra*, at p. 683.) The evidence presented at trial showed that during a search when Officer Clerico pulled on the waistband of Adams's shorts a baggie of what the officer believed to be rock cocaine fell to the sidewalk. Six "rocks" were in the baggie. Officer Clerico was ruled to be qualified as an expert on possession of rock cocaine for sale. He gave his expert opinion that the cocaine was possessed for sale based on, among other things, the size and number of rocks. Criminalist Brenda Smith testified the contents of the baggie weighed 1.01 grams and contained some cocaine. Smith was not asked and did not indicate whether the cocaine was cocaine base or rock cocaine. Officer Clerico referred to the substance as rock cocaine throughout his testimony and was conversant in the distinction between cocaine base and cocaine hydrochloride, but he did not indicate whether a chemical analysis had been performed to determine if the cocaine was cocaine base. (*Id.* at p. 684.)

We concluded there was no substantial evidence that proved the cocaine possessed by Adams was cocaine base as required by the statute under which he was convicted. (*People v. Adams, supra*, 220 Cal.App.3d at p. 688.) We reasoned that the statutes (§§ 11351.5, 11054, subd. (f)(1) and 11055, subd. (b)(6)) distinguish "cocaine base" from "cocaine." In addition, the Legislature regards cocaine base and cocaine hydrochloride as different drugs and they are treated as such. The penalty for possession for sale of cocaine base (three, four, and five years in prison) is higher than for possession for sale of all other forms of cocaine (two, three, and four years in prison). Finally, there is a chemical difference between cocaine base and cocaine hydrochloride. (*People v. Adams, supra*, 220 Cal.App.3d at pp. 686-687; see also *People v. Howell* (1990) 226 Cal.App.3d 254, 260-261 [276 Cal.Rptr. 454].)

We rejected the argument that the evidence was sufficient to show Adams possessed rock cocaine based on the uncontradicted testimony of Officer

---

[1] All statutory references are to the Health and Safety Code unless otherwise indicated.

Clerico distinguishing "rock" or "base" cocaine from "powder" or cocaine hydrochloride, the packaging and appearance of the material and the criminalist's chemical analysis which proved the material contained cocaine. (*People* v. *Adams, supra,* 220 Cal.App.3d at p. 687.)

While the officer referred to the substance in the two baggies possessed by Adams as "what I believed to be rock cocaine," he was not qualified as an expert in the identification of cocaine or cocaine base, but rather as an expert in the possession of rock cocaine for sale. Moreover, neither the officer nor any other expert witness testified that a substance containing "cocaine base" as opposed to a substance containing "cocaine" as those terms are used in sections 11054, subdivision (f)(1) and 11055, subdivision (b)(6) could be identified by physical appearance alone. (*People* v. *Adams, supra,* 220 Cal.App.3d at pp. 687-688.)

In order to prove defendant was in violation of section 11351.5, it was incumbent on the prosecution to prove that the substance possessed for sale was "cocaine base" and not "rock cocaine." Thus, even if, as the Attorney General submits, Officer Mills's testimony, based on his established expertise, identified the substance as "rock cocaine," the substance itself was admitted as an exhibit at trial, and there was circumstantial evidence that "rock cocaine" was being sold and smoked in the area where defendant was selling, there was insufficient evidence that defendant possessed "cocaine base" for sale.

Officer Mills obviously was familiar with rock cocaine. He had taken narcotics classes, talked to other officers about rock cocaine, arrested at least 150 persons for possession of rock cocaine. He testified that rock cocaine is cocaine base, a "concentrated form" of cocaine. Cocaine powder is made into a solid substance and instead of inhaling it, a user smokes rock cocaine through a pipe, sometimes known as a "straight shooter." He also testified that defendant appeared to be engaging in drug transactions similar to those he had made arrests for in the past in connection with rock cocaine. Finally, he testified, after defendant appeared to discard something, Officer Eakin retrieved two packages of "rock cocaine." However, when shown the two packages that criminalist Smith had identified as "chunky material contain-[ing] cocaine," Mills identified them as "[t]he two bags of narcotics that were seized by Officer Eakin . . . ." Despite the Attorney General's statements to the contrary, Officer Mills merely referred to the substance as "rock cocaine." He did not give an opinion—lay or expert—that the material was cocaine base.

Moreover, Mills was never asked to identify the substance in the baggies, nor was he asked if he had identified cocaine base before or if cocaine base

was identifiable by appearance. Further, he did not relate anything he knew about cocaine base specifically to the substance in evidence. We cannot infer from his testimony that Mills was able to identify cocaine base by sight.

Although the nature of a substance may be proved by circumstantial evidence (*People* v. *Sonleitner* (1986) 183 Cal.App.3d 364, 369 [228 Cal.Rptr. 96]), the cases cited for that proposition are distinguishable from this case. In *People* v. *Sonleitner, supra,* defendant was found guilty of possession of cocaine based on police testimony even though none of the substance defendant possessed was recovered for analysis. The evidence showed that a codefendant went to meet his connection at the Cedar Street house. He was observed until he returned with a plastic baggie subsequently analyzed to contain approximately two and one-half ounces of cocaine. He stated he was delivering half of the agreed upon five ounces and would be going back for the other half. He was then arrested and police officers went to the Cedar Street residence. When the officers arrived, someone in the house yelled, "sheriffs are coming." Officers saw defendant running to the bathroom with a two-ounce bottle in his hand. Defendant emptied the white crystalline powder contents of the bottle into the toilet, threw the bottle in and flushed. The bottle was recovered but without any powder or residue. The court concluded that the evidence strongly suggested that the substance destroyed by defendant was the other half of the cocaine partially delivered by the codefendant. (183 Cal.App.3d at pp. 367-369.)

*People* v. *Sonleitner* is distinguishable because there, the officer-witness testified the substance he saw had a white crystalline character resembling cocaine, and an analysis of the portion of the five ounces actually delivered showed it to be cocaine. (Also see, *People* v. *Marinos* (1968) 260 Cal.App.2d 735, 738-739 [67 Cal.Rptr. 452]; *People* v. *Patterson* (1959) 169 Cal.App.2d 179, 186 [337 P.2d 163]; *People* v. *Tipton* (1954) 124 Cal.App.2d 213, 217 [268 P.2d 196].) Testimony of that kind is absent in this case.

The circumstantial evidence here is too tenuous to support the inference that defendant possessed cocaine base beyond a reasonable doubt. Defendant's transaction conduct, the money he possessed and his act of discarding the drugs just before he was apprehended could apply to any drug transaction. Further, the fact that one person was going to Nagi's to purchase rock cocaine and that a straight shooter was found in the area is not dispositive in light of the officer's testimony that Nagi's was known as a place to find narcotics.

Finally, since defendant was charged with a chemically specific violation, possession of cocaine base for sale, the prosecution cannot rely on circumstantial evidence of the nature of the substance unless the record discloses

that cocaine base can be identified by its physical appearance when chemical analysis only reveals the substance contains cocaine. (See, e.g., *Cook* v. *United States* (9th Cir. 1966) 362 F.2d 548, 549 [court took judicial notice that whether a substance is a narcotic cannot be determined by mere inspection of its outward appearance].)

The majority's conclusion that Officer Mills's testimony, "without objection that 'rock cocaine' is 'base cocaine' " "establishes that the substance in question was cocaine base" begs the question of whether that testimony constitutes substantial evidence that defendant possessed cocaine base. Not all evidence is substantial evidence. In *People* v. *Hunt* (1971) 4 Cal.3d 231 [93 Cal.Rptr. 197, 481 P.2d 205], the defendant was convicted of unlawful possession of a restricted dangerous drug, methedrine. (former § 11911, now § 11378.) Officer Owens and several other officers went into the bedroom of the apartment of Alan Hall. Owens saw the defendant (Hunt) seated on a chair with a hypodermic needle in his arm. At Hunt's feet was an open blue and white travel case containing four 30-cc. vials of methedrine each bearing a pharmacy label with a prescription number, Hunt's name and the physician's name, Dr. Smith. Officer Owens, who had "extensive training, education, and experience relating to the possession of and trafficking in dangerous drugs," testified "that based upon his experience it was his opinion that the methedrine found in the blue and white travel case . . . was possessed for sale. He said that his opinion was due 'to the quantity involved, the over-all street value, the normal use by an individual.' " (*People* v. *Hunt*, *supra*, 4 Cal.3d at pp. 234-235.) In holding the evidence insufficient to sustain Hunt's conviction, the California Supreme court stated:

"Although the officer testified that in his opinion the methedrine was possessed for sale, his testimony in the circumstances of this case may not be held to be substantial evidence to support the conviction. [¶] In *People* v. *Bassett*, 69 Cal.2d 122, 141 . . . , Justice Mosk, speaking for a unanimous court, stated: ' "The chief value of an expert's testimony in this field, as in all other fields, rests upon the *material* from which his opinion is fashioned and the *reasoning* by which he progresses from his material to his conclusion . . . it does not lie in his mere expression of conclusion." (Italics added.) (*Carter* v. *United States* (1957) 252 F.2d 608, 617 . . . .) In short, "Expert evidence is really an argument of an expert to the court, and is valuable only in regard to the proof of the *facts* and the validity of the *reasons* advanced for the conclusions." (Italics added.) (*People* v. *Martin* (1948) 87 Cal.App.2d 581, 584 . . . ; accord, *People* v. *Jones* (1964) 225 Cal.App.2d 598, 611 . . . .)' " (*People* v. *Hunt*, *supra*, 4 Cal.3d 231, 237.)

As pointed out earlier, in the case at hand, Officer Mills was not qualified as an expert in the identification of controlled substances, was never specifically asked his opinion as to whether the substance possessed by defendant

was cocaine base or contained cocaine base, and never actually expressed an opinion in that regard. Even if we assume, as does the majority, that the totality of Officer Mills's testimony amounted to an opinion that the substance possessed by defendant contained cocaine base, there is a complete absence of "the *material* from which his opinion is fashioned and the *reasoning* by which he progresses from his material to his conclusion." (*People* v. *Hunt, supra*, 4 Cal.3d 231, 237.)

The majority seems to equate "inadmissible evidence introduced without objection" to "substantial evidence" without discussion of the quality or probative value of the evidence introduced. The majority concludes that Officer Mills's testimony "introduced without objection, that appellant possessed rock cocaine and that rock cocaine is cocaine base—combined with the criminalist's testimony that the substance in question tested positive for cocaine" (see maj. opn., *ante*, p. 465), constituted substantial evidence to support the verdict. Does the majority mean that standing alone Officer Mills's testimony would not constitute substantial evidence that defendant possessed cocaine base? In my view, rather than lending weight to the officer's testimony, the criminalist's testimony that the substance in question merely contained cocaine actually lessens the weight to be given to the prosecution evidence. The criminalist's failure to testify the substance contained cocaine base would logically lead to one of two reasonable inferences: that the criminalist tested for both cocaine and cocaine base and found the presence of cocaine only or, that the criminalist tested only for cocaine. It is not reasonable to infer, as the majority apparently does, that the criminalist found the substance to contain cocaine base but omitted to so testify.

Since there is no substantial evidence that defendant possessed cocaine base, the judgment should be reversed and the trial court directed to dismiss the information with prejudice. (*People* v. *Adams, supra*, 220 Cal.App.3d 680, 691.) The Attorney General's contention that possession for sale of cocaine except cocaine base (§ 11350) is a lesser included offense of possession for sale of cocaine base (§ 11351.5) was rejected in *People* v. *Adams* at pages 690-691.

A petition for a rehearing was denied December 18, 1991, and appellant's petition for review by the Supreme Court was denied February 20, 1992.