[Nos. 55312-7-I; 55313-5-I. Division One. May 1, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN S. GEORGE ET AL., *Appellants*.

*Jeffrey H. Smith* (of *Law Offices of Jeffrey H. Smith*), for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Patrick J. Preston* and *Michael P. Mohandeson, Deputies,* for respondent.

¶1 ELLINGTON, J. — Tommy and John George advertised a truck for sale. Police thought their ad sounded too good to be true. After a sting operation, the Georges were convicted of attempted first degree theft by deception. They challenge the sufficiency of the evidence, emphasizing the absence of proof of the market value of the truck. They also contend that two of the governing definitional statutes are unconstitutionally vague. We hold that the evidence was sufficient to establish the deprivation required for theft; that the degree of theft by deception is determined by looking to the value of the property obtained, not the net benefit to the thief or net loss to the victim; and that the statutes are not unconstitutional as applied. We therefore affirm.

### FACTS

¶2 In June 2003, John George and his son, Tommy, bought a 1974 Chevrolet Cheyenne Super pickup truck from Jerome Potter. At the time, the truck was inoperable due to a problem with the rear wheel differential and had been parked in Potter's yard for more than two years. Potter disclosed the mechanical problem, and also disclosed that the truck had 185,000 miles on it. Potter also said he had replaced the original 350 engine with a more powerful 400 engine. The Georges paid Potter $1,800 for the truck.

¶3 After performing some repairs and rendering the truck operable, the Georges advertised the truck for sale in

*The Seattle Times* as follows: "1974 Cheyenne Super 1/2 T, 1 ownr, 350 v8, AT, tow pkg. All stock and original gar'd. 70 K mi very nice $5,500."[1]

¶4  A Seattle Police Department detective read the ad and suspected it was fraudulent. After locating and identifying the truck, the detective confirmed with Potter the truck's actual specifications. Two other detectives then posed as buyers. The Georges told them that John George was the original owner and that the truck had always been garaged and had 70,000 miles on it. After examining the truck and starting the engine, one of the detectives arranged to purchase it for the asking price. Tommy delivered the truck, and the undercover detective offered him a valid cashier's check for $5,500. Both Georges were then arrested.

¶5  The State charged the Georges with attempted first degree theft by deception. They were tried together. The State presented the evidence described above but presented no evidence of the market value of the truck at the time of the attempted sale. At the close of the State's evidence, the Georges moved for dismissal, contending that absent proof of the value of the truck, there was no evidence of any loss and certainly no evidence to support theft in the first degree. The court denied the motion. The jury returned verdicts of guilty.

## ANALYSIS

¶6  Evidence is sufficient if it would permit any rational trier of fact, viewing the evidence in the light most favorable to the State, to find the essential elements of the offense beyond a reasonable doubt.[2] Substantial evidence exists where there is a "sufficient quantity of evidence in

---

[1] Clerk's Papers at 7.

[2] *State v. Kleist*, 126 Wn.2d 432, 435, 895 P.2d 398 (1995).

the record to persuade a fair-minded, rational person of the truth of the finding."[3]

¶7 Theft by deception means "[b]y color or aid of deception to obtain control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services."[4]

¶8 Actual Loss. The Georges point out that proof of a deprivation to the victim is required to support a theft conviction and contend that because the State failed to prove the truck was worth less than the detective agreed to pay, there was no evidence their deception would have resulted in any loss. Thus, they first contend the evidence established no crime at all.

¶9 The Georges rely on State v. Lee.[5] Lee contracted to purchase an uninhabitable house. He was required by the contract to provide insurance. While the sale was pending, Lee repaired the house to render it insurable and then rented it to a family left homeless by a fire, charging the Red Cross $700 in rent. He was convicted of second degree theft by deception, on grounds that he obtained or exerted control over property belonging to the Red Cross or to the homeless family.[6] The Washington Supreme Court held that neither victim suffered any deprivation because *each received what they bargained for*": the Red Cross found housing for a family, and the family was indeed housed.[7]

¶10 Here, the putative buyer of the truck did not get what he bargained for. The Georges repeatedly claimed the truck had been driven only 70,000 miles by its only owner and had always been garaged. None of this was true. The Georges object that according to the State's evidence, whether the truck had only one owner or was always

---

[3] *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

[4] RCW 9A.56.020(1)(b).

[5] 128 Wn.2d 151, 904 P.2d 1143 (1995).

[6] *Id*. at 154. The State did not charge Lee with theft from the owner of the house.

[7] *Id*. at 163 (emphasis added).

garaged is not germane to its market value and point out that they added value by making repairs to the truck. They do not, however, suggest that a difference in 100,000 miles on the truck is irrelevant to its value. To induce the sale, the Georges falsely described the truck in the significant matter of mileage, if nothing else. The evidence was sufficient to establish the deprivation necessary to prove an unlawful taking.[8]

¶11 <u>Theft in the First Degree</u>. The degree of theft depends upon the value of the property deceptively obtained. To establish attempted theft in the first degree, the State must prove the attempted theft of "[p]roperty or services which exceed(s) one thousand five hundred dollars in value."[9] Value is "the market value of the property or services at the time and in the approximate area of the criminal act."[10]

¶12 The Georges contend the State failed to prove theft in the first degree because there was no evidence of the truck's market value. Relying on *State v. Kleist*[11] and *State v. Shaw*,[12] the Georges point out that market value is an objective standard. They contend the agreed price for the truck was not evidence of market value because it was subjective. They further argue the value of the truck is not ascertainable, because organizations such as Kelly Blue Book and the National Automobile Dealers Association do not have data for cars made before the early 1980s. Where value is not ascertainable, the charge is theft in the third degree.[13]

---

[8] Because the charge was an attempt crime, the State had to prove only deception, intent, and a substantial step, not that the victim was fooled or actually suffered a loss. *See State v. Wellington*, 34 Wn. App 607, 611, 663 P.2d 496 (1983) (citing RCW 9A.28.020(1)).

[9] RCW 9A.56.030(1)(a).

[10] RCW 9A.56.010(18)(a).

[11] 126 Wn.2d 432, 435, 895 P.2d 398 (1995).

[12] 120 Wn. App. 847, 86 P.3d 823 (2004).

[13] RCW 9A.56.010(18)(e).

¶13 These arguments concern methods of determining the value of property other than money[14] and would be relevant if the Georges were charged with theft of the truck.[15] The theft by deception statute, however, criminalizes the act of "[c]reat[ing] or confirm[ing] another's false impression which the actor knows to be false,"[16] resulting in the actor "*obtain[ing] control* over the property of another . . . with intent to deprive him or her of such property."[17] Further, theft by color or aid of deception means that "the deception operated to bring about *the obtaining of property or services; it is not necessary that deception be the sole means of obtaining the property or services.*"[18] In drawing the line between criminal conduct and sharp business practices, the legislature clearly contemplated that something in addition to pure deception will be involved. Indeed, in many acts of theft by deception, something falsely described is given in exchange to induce the transaction.

¶14 We are mindful that in *Lee* the court stated, "it appears that the loss to the victim, rather than the benefit to the offender, is key in determining the existence *and the value* of a deprivation."[19] The Georges do not contend this language controls here, but we would reject such an argument. *Lee* involved theft by unauthorized control or deception. The issue was whether the evidence established the underpinning deprivation. The court was not analyzing the degree of theft or the value of the property obtained thereby.

---

[14] *Kleist*, 126 Wn.2d at 440 (prosecution and defense permitted to introduce price tags to establish the price of stolen items); *Shaw*, 120 Wn. App. at 852 (evidence of a stolen car's Blue Book price sufficient to establish the car's value).

[15] The definition of theft by taking is "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(a).

[16] RCW 9A.56.010(5)(a).

[17] RCW 9A.56.020(1)(b) (emphasis added).

[18] RCW 9A.56.010(4) (emphasis added).

[19] *Lee*, 128 Wn.2d at 163 (emphasis added).

¶15 We do not believe the legislature intended an inquiry into the thief's net gain or the victim's net loss once the fact of a deprivation is established. The evidence establishing existence and value of a deprivation will be the same in takings theft cases (and often, in unauthorized control cases as well), but in deception cases, the statute requires a different analysis. RCW 9A.56.020(1)(b) looks only to the value of the property obtained, not the net result of the exchange. Here, the property the Georges attempted to obtain was a valid cashier's check for $5,500. Where the property stolen is money, there is no need to determine value.

¶16 The evidence was sufficient to establish the value element of attempted theft in the first degree.

¶17 <u>Definitions of Value and Theft</u>. The Georges next argue that the controlling definitional statutes, RCW 9A-.56.010(18) and RCW 9A.56.020, are unconstitutionally void for vagueness as applied here.

¶18 "The due process clause of the Fourteenth Amendment requires that citizens be afforded fair warning of proscribed conduct."[20] "[A]n ordinance is unconstitutionally vague if a challenger demonstrates, beyond a reasonable doubt, either (1) that the ordinance does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) that the ordinance does not provide ascertainable standards of guilt to protect against arbitrary enforcement."[21]

¶19 Vagueness challenges not involving the First Amendment are evaluated in light of the particular facts of each case.[22] The statute is tested by inspecting the actual conduct at issue, not by examining hypothetical situations "at the periphery of the [statute's] scope."[23]

---

[20] *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990) (citing *Rose v. Locke*, 423 U.S. 48, 49, 96 S. Ct. 243, 46 L. Ed. 2d 185 (1975)).

[21] *Id.*

[22] *Id.* at 182.

[23] *Id.* at 182-83.

■ ¶20 The Georges first argue that the value definition in RCW 9A.56.010(18) is unconstitutionally vague because it does not differentiate between outright theft and a deceptive exchange of property of disproportionate value, and therefore encourages arbitrary enforcement.[24] Value for purposes of the theft by deception statute is the value of the property obtained by the deception. The Georges do not explain why that definition encourages arbitrary enforcement; they merely complain that it criminalizes transactions in which the thief nets no gain. But that is not the question because "the theft statute does not require that the offender be benefited by the theft."[25] The Georges' proposed distinction is not relevant for due process purposes and the statute is not vague for failing to make it.

■ ¶21 The Georges next contend the definition of theft by deception in RCW 9A.56.020(1)(b) is unconstitutionally vague as applied to them because it ensnares those who merely engage in "inequitable sales techniques"[26] without causing actual loss to the victim. They contend the statute fails to give fair notice that it criminalizes any use of deception, regardless of loss. This is not, however, the effect of the statute. Rather, the Georges' interpretation is an extension of their arguments about value and loss, which we have already rejected. Further, this interpretation ignores the elements of knowledge of falsity and intent to deprive.

¶22 We hold that neither statute is unconstitutionally vague as applied to the Georges.

¶23 Affirmed.

SCHINDLER, A.C.J., and BECKER, J., concur.

Reveiw granted at 159 Wn.2d 1004 (2007).

---

[24] RCW 9A.56.010(18)(a) defines value as "the market value of the property or services at the time and in the approximate area of the criminal act."

[25] *Lee*, 128 Wn.2d at 163.

[26] Appellant's Br. at 18.