IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33645-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JILL J. FERGUSON, also known as JILL | ) | UNPUBLISHED OPINION |
| J. FLECK, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Jill Fleck appeals her conviction for second degree possession of stolen property. We reject her contention that insufficient evidence supported her conviction. We agree with her contention that her trial counsel was ineffective for failing to object to opinion testimony regarding the value of the stolen property. We remand for a new trial.

## FACTS

On January 20, 2014, someone broke the back window of Janet Bressler's car and stole a 2012 MacBook Air laptop computer. Bressler's husband, David Ulane, activated an Apple security feature through the iCloud that locked the laptop to prevent its use without an additional pin code. The security feature also sent Bressler an e-mail showing

the laptop's location if the current possessor turned on the computer in the area of a Wi-Fi network.

On January 21, Janet Bressler received an e-mail from Apple notifying her of the laptop's location at 2322 North Haven Street in Spokane. Bressler and Ulane researched the address on another computer and found the address to be an apartment complex. The two forwarded information about the stolen laptop to police.

On January 23, Jill Fleck brought the laptop to Strong Solutions, a computer repair store. Fleck told Strong Solutions that her daughter locked the laptop's password. As proof of purchase for determination of warranty information, Fleck provided the store with an August 12, 2013, Best Buy receipt for the purchase of a MacBook Pro laptop computer for $1,134.99. The receipt did not match the computer. Strong Solutions determined the laptop was remotely locked, not mistakenly locked by the daughter.

On January 23, Janet Bressler received another e-mail from Apple showing her laptop's location to be Strong Solutions. On January 24, David Ulane called Strong Solutions, confirmed that the store possessed the laptop, and informed the store that the laptop was stolen. Ulane informed the police of the new location of the laptop. On January 24, Spokane police officers journeyed to Strong Solutions, took the laptop, recorded the laptop as police evidence, and returned it to Janet Bressler.

On January 27, at law enforcement's request, Strong Solutions telephoned Jill Fleck to encourage her to retrieve the laptop from the store premises. Fleck returned to

No. 33645-0-III
*State v. Ferguson aka Fleck*

Strong Solutions, where Spokane Police Detective Stacey Carr asked her questions about the laptop. Fleck claimed she purchased the laptop from her neighbor for $500 cash. Detective Carr never examined the laptop.

PROCEDURE

On September 3, 2014, the State of Washington charged Jill Fleck with one count of possession of stolen property in the second degree. Conviction of the crime requires evidence that the stolen property's value exceeds $750 and does not exceed $5,000. A key issue at trial was the value of the MacBook Air laptop computer at the time of its theft.

During trial, laptop owner Janet Bressler testified:

Q Is it fair to say you've had that computer for some time before this incident?
A Well, depending on what you mean by some time, but—
Q Like, for more than a year?
A Yes.
Q Okay. So was it—it was a used computer—
A Yeah.
Q —at that point? Okay. And is it fair to say you don't know the exact value of the computer?
A I do not, no.

Report of Proceedings (RP) at 23.

During trial, Detective Stacey Carr testified:

Q All right. In the course of your investigation were you able to determine the value of the stolen computer?
A Yes.
Q And what is that value—or, what was that value in 2014?

3

A When I researched it, I believe it was between [$]800 and $1,500 depending on which site I went through, eBay, Craigslist, some Apple websites.

RP at 51. Jill Fleck's trial counsel did not object to Carr's testimony concerning the value of the computer.

During its closing argument, the State said:

We also know, secondly, that the computer was worth between $800 and $1,500 because Detective Carr investigated that by calling for fair mark[et] value. She checked Craigslist. She checked eBay. And, most importantly, she checked the Apple site, which gives up-to-date information on used computers as to what the price would be.

RP at 127.

The trial court instructed the jury on the crime of possession of stolen property in the second degree. The trial court did not instruct on possession of stolen property in the third degree as a lesser included offense. The jury found Jill Fleck guilty.

## LAW AND ANALYSIS

On appeal, Jill Fleck challenges the sufficiency of evidence and her attorney's performance in failing to object to Detective Stacey Carr's testimony concerning the value of the stolen laptop computer. If we agreed that the jury heard insufficient evidence to convict, we would dismiss the charge rather than remand for a new trial. Therefore, we address the sufficiency of evidence first.

### Sufficiency of Evidence

Jill Fleck contends the State of Washington failed to prove the value of the stolen

4

property exceeded $750 as required for second degree possession of stolen property. She requests that this court reverse her conviction and remand for the trial court to enter judgment on the lesser included offense of possessing stolen property in the third degree. The State responds that sufficient evidence supported the conviction because the value of Apple computers is within the ordinary experience and knowledge of the jury, Detective Stacey Carr testified that the laptop was valued between $800 and $1,500, and Fleck told Detective Carr she purchased the laptop for $500. Because of Detective Carr's testimony, we agree with the State that sufficient evidence supports the conviction.

Evidence is sufficient if a rational trier of fact could find each element of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). Both direct and indirect evidence may support the jury's verdict. *State v. Brooks*, 45 Wn. App. 824, 826, 727 P.2d 988 (1986). This court draws all reasonable inferences in favor of the State. *State v. Partin*, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977). Only the trier of fact weighs the evidence and judges the credibility of witnesses. *State v. Carver*, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

"A person is guilty of possessing stolen property in the second degree if: (a) He or she possesses stolen property, other than a firearm as defined in RCW 9.41.010 or a motor vehicle, which exceeds seven hundred fifty dollars in value but does not exceed five thousand dollars in value." RCW 9A.56.160. "'Value' means the market value of the property or services at the time and in the approximate area of the criminal act."

5

RCW 9A.56.010(21). Market value is the price a well-informed buyer would pay to a well-informed seller when neither party is obliged to enter the transaction. *State v. Kleist*, 126 Wn.2d 432, 435, 895 P.2d 398 (1995). Direct evidence is not necessary to prove value, rather a jury may draw reasonable inferences from the evidence, including changes in the condition of the property that affect its value. *State v. Ehrhardt*, 167 Wn. App. 934, 944, 276 P.3d 332 (2012).

Jill Fleck objects to the testimony of Detective Stacey Carr on the basis of hearsay. Nevertheless, in reviewing for sufficiency of evidence, the court does not ignore evidence erroneously admitted at trial or evidence which could have been excluded as, for example, inadmissible hearsay. *State v. Hamdan*, 13-0113 (La. Ct. App. 4th Cir. 12/11/13) 131 So. 3d 197, 203, *writ denied*, 140 So. 3d 1188 (La. 2014); *State v. Castillo-Sanchez*, 1999-NMCA-085, 127 N.M. 540, 984 P.2d 787, 795; *State v. Knuckles*, 196 W. Va. 416, 473 S.E.2d 131, 140 (1996); *People v. Bailey*, 1 Cal. Ct. App. 4th 459, 463, 2 Cal. Rptr. 2d 204 (1991). Carr's testimony sufficiently established the value of the stolen goods to be at least $750.

Ineffective Assistance of Counsel

*Deficiency*

Jill Fleck contends she received ineffective assistance of counsel at trial when her counsel failed to object to Detective Stacey Carr's hearsay testimony of the value of the laptop. The State responds that Fleck's attorney was not ineffective because Carr's

testimony was permissible hearsay. We agree with Fleck.

To prevail on an ineffective assistance of counsel claim, a defendant must show his attorney was not functioning as guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thiefault*, 160 Wn.2d 409, 414, 158 P.3d 580 (2007). A claim of ineffective assistance of counsel requires a showing that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). We presume that counsel was effective. *Strickland v. Washington*, 466 U.S. at 689; *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Deficient performance occurs when trial counsel's performance falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997). The defendant bears the burden to show deficient performance. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To rebut a strong presumption that counsel's performance was effective, the defendant must establish the absence of any conceivable legitimate tactic explaining counsel's failure to object to testimony. *State v. Hamilton*, 179 Wn. App. 870, 879-80, 320 P.3d 142 (2014). When counsel's alleged error is failure to object to evidence, the defendant must also show that the trial court would have sustained an objection. *State v. Saunders*, 91 Wn. App. 575, 578, 958 P.2d 364 (1998).

7

Jill Fleck claims that Detective Stacey Carr's testimony on the value of the laptop was inadmissible hearsay and no conceivable strategic reason existed for her counsel's failure to object to the testimony. Fleck emphasizes that Carr's hearsay testimony comprised the entirety of the State's evidence of the value element of the crime and thus counsel's failure to object effectively conceded an element that the State needed to prove. The State of Washington responds that counsel was not deficient because Detective Carr's testimony fell within the market reports exception to hearsay. The State does not forward any reason why trial counsel legitimately failed to object to the testimony, assuming the market report exception did not apply.

Hearsay is a statement made outside of trial or a hearing that is offered in evidence to prove the truth of the matter asserted. ER 801(c). Hearsay is inadmissible unless a hearsay exception applies. ER 802. The market reports exception to hearsay applies to:

> *Market Reports, Commercial Publications*. Market quotations,
> tabulations, lists, directories, or other published compilations, generally
> used and relied upon by the public or by persons in particular occupations.

ER 803(a)(17).

Detective Stacey Carr's testimony of the value of the laptop being between $800 and $1,500 constituted hearsay. Carr relied on out of court statements she read on eBay, Craigslist, and some Apple websites. Since the State introduced the evidence to prove the value of the stolen laptop, the State sought to use the testimony to establish the truth of the extrajudicial statements.

8

We rule that the market reports exception to hearsay did not apply because the State presented no evidence that the websites entered by Detective Stacey Carr were publications on which the public relied when purchasing a used Macbook Air laptop. The State relies on *State v. Shaw*, 120 Wn. App. 847, 86 P.3d 823 (2004) to support the market report exception. In *Shaw*, the State charged Jeremy Shaw with possession of stolen property in the first degree for his possession of a stolen vehicle. The State needed to prove the vehicle's value exceeded $1,500. At trial, the investigating detective testified that he used the Kelly Blue Book Internet site to research the vehicle's value. The detective described the methodology employed by Kelly Blue Book to value a vehicle and mentioned that the site provided two values for vehicles, retail value and private party value. This court affirmed the admission of testimony finding the Kelley Blue Book site admissible as a market report under ER 803(a)(17). We reasoned that the trial court did not abuse it discretion in admitting the evidence because:

> As the foundation laid by the detective's testimony showed, it is a publication used to determine what a person might expect to pay when buying a used car, or to receive when selling one. Other jurisdictions have recognized the Blue Book as a standard and reliable reference for valuation of vehicles.

*Shaw*, 120 Wn. App. at 852.

Important differences distinguish this appeal from *State v. Shaw*. Detective Stacey Carr provided no foundation for the public's use of Craigslist, eBay, and the various Apple websites for determining value. Carr did not describe the methodology she used

9

when researching the laptop's value or the data required by any of the websites for determining value. Kelley Blue Book is designed to provide reliable valuation information. The websites viewed by Carr facilitate the purchase or sale of items and may reflect a high asking price.

Jill Fleck's trial counsel performed deficiently by failing to raise a hearsay objection to Detective Stacey Carr's valuation testimony because the evidence was inadmissible and there is no strategic reason to allow the State to prove an element of the crime solely through inadmissible evidence.

### Prejudice

Prejudice occurs, for purposes of ineffective assistance of counsel, when the outcome would have differed with effective assistance. *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 487, 965 P.2d 593 (1998); *State v. McFarland*, 127 Wn.2d at 337 (1995). We hold that Jill Fleck shows prejudice because she likely would have avoided conviction upon an objection to the valuation evidence.

The jury relied on nominal evidence when determining the value of the laptop exceeded $750. The evidence included testimony as to the computer's year of purchase, its used nature, Jill Fleck's probably false assertion that she purchased the laptop for $500, and Detective Stacey Carr's valuation testimony. During closing argument, the State proffered only Stacey Carr's testimony to support the value element of the crime. Without Carr's valuation testimony, the jury heard no evidence to sustain a finding of a

No. 33645-0-III
*State v. Ferguson aka Fleck*

value exceeding $750.

Statement of Additional Grounds for Review

A criminal defendant may submit a pro se statement of additional grounds for review "to identify and discuss those matters related to the decision under review *that* the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel." RAP 10.10(a). Jill Fleck raises two additional grounds for review.

*Due Process*

In her first additional ground, Jill Fleck contends in a lengthy sentence:

> Finding me guilty of a gross misdemeanor violates my due process rights besides a gross misdemeanor can not be prosecuted after 2 years of its commission according to RCW 9A.04.080 finding me guilty of this crime without a trial in the appropriate court would be a violation of due process my right to be tried in the proper court would be ignored finding me guilty of a crime [without] a trial is a miscarriage of Justice.

Statement of additional grounds for review at 1. Fleck's first challenge may be to a purported conviction for a gross misdemeanor on the ground of the statute of limitations. We reject this challenge.

Second degree possession of stolen property is a class C felony, with a statute of limitations of three years. RCW 9A.04.080(h). The theft of the laptop computer occurred on January 20, 2014, and the State charged Jill Fleck by information on September 3, 2014. Thus, the State did not violate the statute of limitations.

*Ineffective Assistance of Counsel*

11

No. 33645-0-III
*State v. Ferguson aka Fleck*

In her second additional ground, Jill Fleck alleges:

> The fact that my Public Defender was ineffective is grounds enough for dismissal. A public records request was made by Reporter Anne Block in June 2015 & it was not fulfilled by the P.D. office. This implies misconduct & Ms. Block intends on filing suit regarding this request so do I especially after the conduct from several court employees that occurred. See attached emails evidence of [ex parte] communication and retaliation which is brazen & <u>offensive</u>!

Statement of additional grounds for review at 1. We reject this claim because the assertion lacks relevance to her criminal trial. The claim apparently concerns an alleged failure by counsel to respond to a public records act request after her conviction.

CONCLUSION

We reverse Jill Fleck's conviction and remand for a new trial.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, C.J.

WE CONCUR:

Lawrence-Berrey, J.

Pennell, J.

12